■ In the Matter of ANGEL CORDERO, JR., Petitioner, v RICHARD CORBISIERO, JR., as Chairman of the New York State Racing and Wagering Board, et al., Respondents.—Determination of the New York State Racing and Wagering Board, dated March 30, 1990, which suspended petitioner's jockey's license for 10 days, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78, (transferred to this court by order of Sup Ct, NY County [C. Beauchamp Ciparick, J.], entered July 25, 1990) unanimously dismissed, without costs.

There is substantial evidence in the record to support the Board's determination that petitioner, on August 26, 1989, in the fifth race at Saratoga Race Track, engaged in "foul riding" as defined in subdivision (a) of section 4035.2 of the Rules of the Racing and Wagering Board (9 NYCRR). Testimony of the track steward established that as petitioner rode his mount, Foresta, into the homestretch, his horse seriously impeded Sultry Secret by veering to its left, forcing Sultry Secret, who was racing inside along the rail, in towards the rail. The track steward stated that petitioner exercised little effort to avoid interfering with Sultry Secret. The Hearing Officer, who reviewed several videotapes of the race, found the films to "strongly" support the steward's version of the events. The Board's determination is supported by specific, articulable acts or omissions on petitioner's part, evincing misconduct, and therefore should not be disturbed *(see, e.g., Matter of La-Chance v Corbisiero,* 147 AD2d 80, *lv denied* 74 NY2d 611).

The Hearing Officer's decision to preclude petitioner's offer of evidence allegedly demonstrating similar conduct by other jockeys in other races did not deprive petitioner of a fair hearing.

The Board's policy of suspending jockeys at subsequent Saratoga meets for infractions committed at Saratoga is not in violation of the rule-making procedures set forth in section 202 (1) of the State Administrative Procedure Act, because the

Board's Saratoga suspension policy does not set a fixed a general standard of conduct for riders and is therefore not a "rule" requiring formal promulgation pursuant to section 202 (1) of the State Administrative Procedure Act *(see, Matter of Williams v Smith,* 72 NY2d 939).

Finally, we reject petitioner's argument that the Board's suspension policy was arbitrarily and capriciously applied as to him. The record evidence establishes that other jockeys found guilty of identical violations at Saratoga were required to serve their suspensions at subsequent Saratoga racing meets. Concur—Carro, J. P., Asch, Kassal and Smith, JJ.